Good morning, Your Honors. May it please the Court, Albert Villaneta and Michelle Del Rio on behalf of Mr. Dajani in association with the Loyola Law School. I'd like to reserve four minutes for rebuttal. Your Honors, we're here to discuss the Board's determination that Mr. Dajani should be removed to the country of Israel. We ask that this Court vacate that order on the basis that they denied his entitlement under 212C and under the Convention Against Torture. If I may, I'd like to address the 212 issue first. Briefly as to Mr. Dajani's eligibility, his eligibility is predicated upon his pre-repeal convictions that were entered by a plea agreement back in 1996. I think before you get to the merits, I think you have to tell us why that ruling is subject to judicial review. It is subject to judicial review because the Board erred with respect to 212C in not addressing Mr. Dajani's property and business ties as it must. Under case law, and I'll cite Zhang and Yeps Prado, which stands for the proposition that all factors that weigh in a petitioner's favor for a 212C application must be considered, and there was no mention of no consideration. There's no requirement that they must be explicitly discussed, so why should we believe they were not considered? I would disagree with that. I believe Yeps Prado makes it quite clear that this Court, a reviewing Court, cannot be sure that these factors that must be considered were done so unless they were mentioned and thus considered. Mr. Dajani presented that he had property ties and business ties to this country, and yet there was no mention in either the Board's or the IJ's opinion, for that matter, of his property and business ties. In the second instance, the Board erred in not doing a comprehensive evaluation of his rehabilitation, which under Yeps Prado and again Zhang say it must. Those two cases give us some clues as to what comprehensive evaluation means. We know from Yeps Prado that means that we need a reasoned explanation and tell us how you get your ultimate conclusion. The error here that prevents reversible error with respect to rehabilitation is that the immigration judge ultimately renders her conclusion that he's incapable of rehabilitation on the basis of a couple of things, but it takes no notice of the 16 years of... Counsel, you're arguing the old 212C? Correct. Now that is a specific discretionary review, isn't it? That is correct. The Attorney General has the discretion. How do we have jurisdiction to review a discretionary decision of the Attorney General? And what is your best case law, current case law, from this circuit or other circuits that we have jurisdiction to review a 212C denial? This court's jurisdiction is predicated on the case Zhang v. Holder, which, and jurisdictionally speaking, Mr. Dejani and Mr. Zhang are indistinguishable. Now, what we know from that case is that this court, according to 8 U.S.C. 1252, I believe it's A2, says that as long as there is a question of law, this court has jurisdiction to review that. I don't think as long as there is. All we can review is a question of law, and I think Judge Benavidez's question really is you're asking us to review the exercise of discretion. In other words, you're saying the I.J. abused his discretion, and I don't think the cases say that's a question of law. I think that's our problem. Well, the question of – there are limitations with respect to a 212C limitation, but there is some jurisdiction with respect to how that exercise of discretion was ultimately done so. Now, we know it has to be done within the rule of law. I guess my point is if we can't review a discretionary call by the attorney general and the 212C relief that was denied is discretionary, how do we get to review that decision? The controlling statute with respect to 212C is H.U.S.C. 1252, and according to that statute, nothing precludes a court of review from considering questions of law and constitutional claims, which it does so. All right. What is the question of law? Precisely. The question of law precisely here is did the board err in denying his entitlement by not applying an established legal standard? What you're saying is you're rephrasing what is a discretionary call, and by saying because he made a mistake as to a discretionary call, therefore you have a review even though the law precludes you from reviewing a discretionary decision of the attorney general. Not quite. Again, we predicate our argument as to the jurisdictional challenge with respect to Mr. Zhang's case, and similarly, the jurisdiction that was found which allowed the ultimate review was under that specific statute. Now, we don't exactly know what the ultimate... You're relying on this statute. Can you tell me any case law from any court of appeals in the United States today that says that if you claim that the district court erred in making its 212C denial, that a court of appeals can review that decision on a petition? Well, I would cite to Zhang, but in the second instance, I'd like to say there's actually very little guile and justice because we're talking about a statute that was repealed long ago and only got new life in 2001. I'd be happy to answer more questions, but I'm out of time with respect to my argument. We appreciate that, and thank you for the argument. We'll hear from the attorney general. No, you've got time. Oh, we've got more time. Okay, sorry. Before we start, is it your intent to use the balance of time on a rebuttal and have your colleague speak then? Yes. Okay. So we will hear from the attorney general. Thank you. Good morning, and may it please the court, Medawarik Platt on behalf of the United States Attorney General. The government respectfully asks that the court dismiss in part and deny in part this petition for review. First, under circuit precedent, the court does not have jurisdiction to review the agency's finding that petitioner does not merit relief under former section 212C. Well, I think he's – I think Mr. Vianade is arguing that the agency maybe employed the wrong standard, the wrong legal standard in conducting its review. Isn't that his argument? That's my understanding, Your Honor. In other words, that they didn't consider all the evidence and so forth, right? Now, isn't that a question of law? Yes, Your Honor, and the court does have jurisdiction to consider its jurisdiction. However, it's not a cognizable question. It's simply factually inaccurate. Now, are you distinguishing between the CAT claim and the 212C claim? That's correct. When you make that statement. That's correct. I'm sorry. Yes. With respect to the 212C, only jurisdiction over questions of law and constitutional questions. With respect to CAT, it's a different standard. So I'm speaking only with respect to 212C. However, the court does review both the board's decision as well as the immigration judge's decision. And the two factors that he poses, property ties and business ties, the immigration judge actually did explicitly discuss as positive factors. On Administrative Record page 116 and 117, the immigration judge wrote, so the respondent, of course, was the petitioner at that level. The respondent owned two cars and a house while discussing positive factors. And later she writes, he is also a member of a union. These are both the factors that the petitioner argues that the agency ignored. So it's simply factually inaccurate. With respect to the argument regarding protection under the Convention Against Torture, the record does not compel that it is more likely than not that the petitioner would be tortured in Israel, which is the only country of removal at this time. While the record shows instances of discrimination against ethnic Palestinians, it does not show that petitioner would be singled out for the high standard of torture. The court has no questions. The government rests on it. This is a factual matter, and there are some countries to which there are not actual removals. Some countries won't take people back. Some countries we won't send people to. Is there any policy that you're aware of with regard to Palestinians and Israel? This is something that I was wondering as well, Your Honor. The Supreme Court addressed this in JAMA v. ICE, which is a case I think from 2005 or 2006. So under the Immigration and Nationality Act, there is an established procedure to determine which country an alien would be removed to. And there are procedures in place for people who claim that they are stateless, as is the case here. So that section is Immigration and Nationality Act, Section 241b-2. And as the Supreme Court explained in JAMA, if you want I can go through it. It's a little bit technical. But the first step is the alien can designate a country. In this particular case, he designated, in his words, Palestine, which the United States does not recognize as a country. So the immigration judge rejected that. She looked to the evidence of record, which showed ties to Israel and Jordan. And the immigration judge ordered him removed to those two countries. The Board, of course, reversed as to Jordan and said that there were not sufficient ties to Jordan. Now the grounds that can be relied on are, there's a number of alternatives. And each one, as the Supreme Court explained in JAMA, each one sort of indicates lesser ties to the country. And, in fact, the final one is any other country that will take the alien. Anyway, we don't have that issue in this case. There's no issue here as to the designation of the countries, whether that was proper or not, because there's also a political issue of how you designate the country to which the person is going to go to because of the diplomatic issues with the State Department and Congress being on different pages and stuff like that. But we don't have any of that stuff before us here, do we? That's correct, Your Honor. The petitioner has not challenged that. That is good. The Court has no further questions. The Court has no further questions. We ask the Court to dismiss in part and deny in part this petition for review. Thank you. Thank you. And we'll hear rebuttal. Good morning, Your Honors. Michelle Del Rio, Pro Bono Counselor for Mr. Dejani. I would like to address the 212C motion. Mr. Dejani does not claim that the IJ misweighed the factors. What Mr. Dejani is claiming is that the IJ failed to apply the correct law. She missed two factors, including business and property ties. And what we know from Yeps Prado... Well, she knew about the business and property ties, apparently. Well, in Matter of Merit, it sets out the factors that the IJ is required to address in whether giving a 212C discretion. And that includes business and property ties, which is not mentioned within the IJ's opinion. She mentions them in terms of employment contracts, not as their own separate factor. And Yeps Prado says, if the IJ doesn't explain, the reviewing court cannot tell whether the IJ departed from established principles as to 212C relief. And Mr. Dejani, from the opening brief, has stated that this has been a matter of misapplying the correct test, not a matter of misweighing the factors. I'd also like to address Mr. Dejani's cat claim. The government claims that Mr. Dejani would not be singled out if removed to Israel. However, Mr. Dejani submitted multiple articles and evidence, including State Department reports, to the IJ. And part of this includes evidence that Palestinians who have been given permanent residence in a different country will not be given residency status or citizenship status if returned to Israel. What showing has to be made to qualify for relief under CAT? It needs to prove more likely than not, a 51 percent chance. And torture more likely than not? Yes. Not simply discrimination? No, and we're not arguing that this is just pure discrimination or discomfort for being removed to a different country. The record indicates that Palestinians are subject to institutional and societal discrimination, and Mr. Dejani might be one of the weakest in that group since he would not be given residency or citizenship status if returned to Israel. Furthermore, Mr. Dejani provided the IJ with statements stating that he does fear being returned to Israel, including on his I-589, which the IJ had before her on his third appearance before her. He said that Israeli soldiers had killed some of his Palestinian cousins. He had friends who were persecuted because they were Palestinian. And if he returned to Israel, he believed he would be persecuted because he is Palestinian. Isn't it kind of odd that if he holds this belief that he would be tortured if he returned, why he would designate that as his country of return? Mr. Dejani did not designate Israel as his country of return. Well, in effect he did, right? He designated Palestine. He designated Palestine, Your Honor, and he did not designate any other. But he can't be removed there because, at least as far as this country is concerned, it's not a recognized nation. That's correct, Your Honor. Palestine is not a recognized nation. So why didn't he recognize? I mean, why didn't he designate some other place? He thinks he's going to be tortured if he goes there. Your Honor, he identifies as a Palestinian, and his parents identified as a Palestinian, so he has no other country that he identifies with besides being Palestinian or from Palestine. Is there anything that would prevent him from, if he is removed to Israel, anything that would prevent him from moving to the portion that's West Bank or Gaza that are under the control of Palestinian Authority? Is there anything that I'm sorry? Would prevent him from relocating himself to the portions that are under the control of the Palestinian Authority? From the record, what we understand is that because he does not have residency status, it would be difficult for him to even move within Israel, the country itself. There's several checkpoints. He cannot get his identification card to move within those checkpoints, and it's really difficult for somebody of his stature to obtain those types of records. I see my time is up. Thank you. It is. We thank you. Thank all counsel for your helpful arguments. The case just argued is submitted. We want to specifically thank the law school and Ms. Riley for taking this case as part of the courts pro bono project. We appreciate your assistance and commend the students for making excellent arguments with the difficult.
judges: Benavides, Tashima, Clifton